

Katharine L. Mowery
302-651-7623
mowery@rlf.com

September 29, 2020

**VIA CM/ECF**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Room 4209, Unit 26
Wilmington, DE 19801

    Re:    *Vaxcel International Co., Ltd. v. Heathco LLC*,
              C.A. No. 20-224-LPS

Dear Chief Judge Stark:

      I write on behalf of Plaintiff, Vaxcel International Co., Ltd. ("Vaxcel"), to respectfully seek leave to file the attached First Amended and Supplemental Complaint. (Ex. 1). HeathCo LLC ("Heath") does not oppose this motion.[1]

      Vaxcel seeks leave to file a First Amended and Supplemental Complaint to assert claims for patent infringement of six additional patents: (1) United States Patent No. 9,326,362 (the "'362 patent"), entitled "Two-Level LED Security Light with Motion Sensor," which was duly and legally issued on April 26, 2016; (2) United States Patent No. 10,763,691 (the "'691 patent"), entitled "Two-Level LED Security Light with Motion Sensor," which was duly and legally issued on September 1, 2020; (3) United States Patent No. 10,770,916 (the "'916 patent"), entitled "Two-Level LED Security Light with Motion Sensor," which was duly and legally issued on September 8, 2020; (4) United States Patent No. 10,154,564 (the "'564 patent"), entitled "App Based Free Setting Method for Setting Operating Parameter of Security Light," which was duly and legally issued on December 11, 2018; (5) United States Patent No. 10,667,367 (the "'367 patent"), entitled "App Based Free Setting Method for Setting Operating Parameter of Security Light," which was duly and legally issued on May 26, 2020; and (6) United States Patent No. 9,560,719 (the "'719 patent"), entitled "LED Security Light and LED Security Light Control Device Thereof," which

---

[1] Should the Court grant Vaxcel leave to amend and supplement its Complaint, counsel for Vaxcel and Heath have agreed to promptly confer over appropriate extensions to the current schedule to accommodate the amendment and supplementation, and to submit a proposed amended scheduling order for the Court's approval. Should there be any disputes over the proposed deadlines, the countervailing proposals will be provided for the Court's resolution.

■ ■ ■

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701
RLF1 24071691v.1
www.rlf.com

was duly and legally issued on January 31, 2017.  Plaintiff also seeks to add a set of Heath®Zenith branded lighting products ("Group 5 Lights") as infringing lighting products.  *See* Ex. 1 at ¶ 49.

Because litigating the '362, '691, '916, '564, '367 and '719 patent infringement claims and the additional Group 5 lighting products will involve common questions of law and fact with the '503, '947, '032, '902 and '292 patent infringement causes of action (*see* discussion, *infra*), amending and supplementing the Complaint (D.I. 1) to add the '362, '691, '916, '564, '367 and '719 patent infringement claims and the additional Group 5 Lights is necessary to promote the fair and efficient administration of the case and to avoid unnecessary duplicative efforts.  The June 16, 2020 Scheduling Order (D.I. 14) provides for a September 29, 2020 deadline to file a motion to amend or supplement the pleadings so Vaxcel's request is timely.

## FACTS

On February 14, 2020, Vaxcel filed a Complaint (D.I. 1) alleging infringement of the '503, '947, '032, '902 and '292 patents (the "Suit Patents").  The Suit Patents each concern generally an LED light product having one or more of the following features: motion detection, light detection, multiple brightness levels, and/or multiple color temperature levels.  The '362, '691, '916, '564, '367 and '719 patents also concern generally an LED light product having one or more of the same features.

The '691, '916 and '367 patents were all issued after the Complaint (D.I. 1) in this case was filed and the '691, and '916 patents were issued after the June 16, 2020 Scheduling Order (D.I. 14) was entered.  The '362, '902, '292, '691 and '916 patents all belong to the same family of patents.  The '947, '032, '362, '292, '564, '367, and '719 patents all involve at least one set of commonly accused products.

Vaxcel seeks leave to amend and supplement the Complaint (D.I. 1) to include new claims for infringement of the '362, '691, '916, '564, '367 and '719 patents.

Plaintiff also seeks leave to amend and supplement the Complaint (D.I. 1) to include additional Group 5 Lights having common features with the Groups 1-4 Lights listed in the original Complaint (D.I. 1).

## ARGUMENT

The Court should exercise its broad discretion to amend the Complaint.  The June 16, 2020 scheduling order (D. I. 14) allows a party seeking to amend its pleadings to bring a motion on or before September 29, 2020 and Federal Rule of Civil Procedure 15(a)(2) emphasizes that "[t]he court should freely give leave [to amend/supplement a pleading] when justice so requires." "The Third Circuit has adopted a liberal approach to the amendment of pleadings." *Micron Tech., Inc. v. Rambus Inc.*, C.A. No. 00-792-JJF (D.I. 979) (D. Del. July 12, 2007) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990)).  "Where the non-moving party will not suffer substantial or undue prejudice, denial of leave to amend must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments

previously allowed, or futility of amendment." *Accenture Global Servs. GMBH v. Guidewire Software Inc.*, 631 F. Supp. 2d 504, 509 (D. Del. 2009) (quoting *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004)) (internal quotation marks omitted). None of those circumstances exist in this case.

Here, justice warrants an amendment and supplementation to the Complaint (D.I. 1). The '691, '916 and '367 patents were all issued after the Complaint (D.I. 1) in this case was filed and the '691 and '916 patents were issued after the June 16, 2020 Scheduling Order (D.I. 14) was entered. The '362, '902, '292, '691 and '916 patents all belong to the same family of patents. The '947, '032, '362, '292, '564, '367, and '719 patents all involve at least one set of commonly accused products, including the additional Group 5 Lights or a subset of the Group 5 Lights. Litigation of the common patents and accused products, including the additional Group 5 Lights, would serve judicial and party economy and provide a streamlined approach to litigation of the patents.

Further, Plaintiff has acted diligently in its efforts to seek Court approval to amend and supplement the Complaint (D.I. 1). On August 7, 2020, during the Court ordered ADR teleconference, prior to the issuance of the '691 and '916 patents, counsel for Vaxcel informed the Court and opposing counsel that it intended to amend the Complaint to include additional patents and additional lighting products. On September 23, 2020, Vaxcel requested that the parties meet and confer pursuant to L.R. 7.1.1 to discuss Vaxcel's proposed modification to the Complaint (D.I. 1) to include the '362, '691, '916, '564, '367 and '719 patent infringement claims. On September 24, 2020, Vaxcel's counsel provided Heath's counsel with copies of these additional patents. The parties met and conferred on September 25, 2020, at which time Heath indicated it would not oppose this Motion. Vaxcel has filed within the deadline set forth in the Scheduling Order.

Because the case is still early in the discovery phase, it would serve judicial economy and avoid duplication of efforts to amend and supplement the Complaint (D.I. 1) to include the '362, '691, '916, '564, '367 and '719 patents.

## CONCLUSION

In light of the above, Vaxcel respectfully requests that the Court enter Vaxcel's proposed First Amended and Supplemental Complaint which is attached as Exhibit 1. Pursuant to Local Rule 15.1, a copy of a redline form of the First Amended and Supplemental Complaint is attached hereto as Exhibit 2.

Respectfully,

*/s/ Katharine L. Mowery*

Katharine L. Mowery (#5629)

cc: Counsel of Record (via CM/ECF & email)