

| | |
|---|---|
| 600 N. King Street • Suite 400 | STEPHEN B. BRAUERMAN, ESQUIRE |
| P.O. Box 25130 • Wilmington, DE 19899 | 302-429-4232 |
| Zip Code For Deliveries 19801 | SBrauerman@bayardlaw.com |

December 8, 2020

***VIA ELECTRONIC FILING***
The Honorable Leonard P. Stark
United States District Court
District of Delaware
844 North King Street
Wilmington, DE  19801

  Re: *Vaxcel Int'l Co., Ltd. v. HeathCo LLC*, C.A. No. 20-224-LPS

Dear Chief Judge Stark:

  We represent Defendant HeathCo LLC ("HeathCo") in the above-captioned patent infringement litigation and request a status conference at the Court's earliest convenience to address simplification of this case containing over 160 asserted claims and associated timing. Specifically, HeathCo requests an order requiring Plaintiff Vaxcel International Co., Ltd ("Vaxcel") to narrow the number of asserted claims to three per patent or 33 total.  At present, Vaxcel is asserting an unwieldly 160+ claims across 11 asserted patents.  Requiring Vaxcel to reduce its number of asserted claims at this stage in this case allows the parties to simplify the issues early and maximize efficiencies for both parties and the Court.  HeathCo's proposed reduction is consistent with this Court's ruling in similarly situated cases. *See, e.g.*, *Masimo Corp. v. Phillips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 282-85 (D. Del. 2013) (narrowing from 95 to 30 claims prior to claim construction), *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-0966-CFC, 2020 WL 4437401, at *1 (D. Del. Aug. 3, 2020) (narrowing from 82 to 25 claims prior to claim construction); *see also Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723-LPS (D. Del. Jul. 28, 2015), D.I. 368 (ordering asserted claims reduced to 15).

  By way of background, HeathCo proposed that Vaxcel narrow its case to three claims per patent on December 3.[1]  HeathCo explained to Vaxcel that asserting over 160 claims is not only unreasonable for trial, but for contentions, claim construction, and discovery.  This is particularly true here because (as HeathCo explained to Vaxcel during the parties' December 7 meet and confer) even if Vaxcel were to ultimately prevail, given the volume of sales of the accused products, any reasonable recovery in this case will be outweighed by the cost of litigation.

  Further weighing in favor of narrowing at this stage is the fact that while 11 patents are asserted, their subject matter largely overlaps across multiple patents, and many are part of the

---

[1] This proposal is line with comments made by Judge Thynge on a November 30, 2020 telephone conference with the parties discussing a time to schedule a mediation.

The Honorable Judge Leonard P. Stark
December 8, 2020
Page 2

same or related families.[2]  *See Masimo*, 918 F. Supp. 2d at 283-85 (finding that "the related subject matter of the patents" and "the genealogy of the asserted patents and the relationship among them" weighed in favor of the ordered narrowing from 95 to 30 representative claims).

Vaxcel did not provide a counterproposal other than a vague suggestion that the claims would eventually be narrowed.  Vaxcel raised four objections to HeathCo's proposal, each of which is addressed below.  None of Vaxcel objections present a good reason to delay narrowing at this stage and avoid the undue burden on HeathCo and the Court.

First, Vaxcel argues against narrowing to three asserted claims per patent, stating that the claims are not evenly spread amongst the patents.  This objection is remedied by narrowing the total number of asserted claims to a reasonable number—HeathCo proposes a total of 33 claims—split among the patents however Vaxcel wishes, thus resolving Vaxcel's concern.

Second, Vaxcel argues that it is too early in the case to narrow and that any narrowing should occur *after* claim construction.  But narrowing *before* claim construction would allow for early simplification of the issues and allow the Court to better "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Masimo*, 918 F. Supp. 2d at 282 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  In *Masimo*, the Court narrowed the number of asserted claims *before* claim construction, finding that "95 claims are asserted by Masimo on seven patents, averaging more than 12 claims per patent, making this litigation unwieldy," ordering the claims reduced from 95 to 30. *Id.* at 282-84; *see also VLSI Tech. LLC*, 2020 WL 4437401 at *1 (limiting the number of asserted claims *before* claim construction from 82 across five patents to 25, and further to 18 after claim construction).

Third, Vaxcel argues that to make a narrowing assessment, it somehow needs the core technical documents that HeathCo must produce by January 29, 2021 (D.I. 36).  But Vaxcel confirmed during the parties' meet and confer that it is in possession of the accused products.  The relevant technology in this case is not particularly complex, requiring knowledge that may not be publicly available.  For example, Vaxcel does not need to know the complicated internal workings of any integrated circuit chips, or analyze computer source code, or understand a complicated chemical makeup for its assertions of infringement.  Rather, the claims are directed to features apparent from examination of the products themselves (which are residential security lights sold at places like Home Depot).  The claimed features include, for example, the use of LEDs for lighting (as opposed to replaceable incandescent bulbs), the use of motion or light sensing, dual-color light output (i.e., soft and bright white), color tuning, and features of user interface applications.  To the extent that knowledge beyond publicly available documentation is required, Vaxcel must have gleaned it from its understanding of the products in its possession

---

[2] For example, 10 out of 11 asserted patents are continuations or continuations-in-part of U.S. Patent No. 8,866,392, and four asserted patents are continuations or divisionals of U.S. Patent No. 9,445,474, having an identical title: "Two-Level LED Security Light with Motion Sensor".

The Honorable Judge Leonard P. Stark<br>
December 8, 2020<br>
Page 3

under its obligation to conduct an adequate prefiling investigation in forming a reasonable basis for its infringement assertions. Vaxcel does not need more information to make a reasonable narrowing assessment at this time.

Fourth, Vaxcel argues that because it is not yet in possession of HeathCo's sales information, it is concerned that it will drop claims that are relevant to higher revenue products. But, as mentioned earlier and as HeathCo has explained to Vaxcel, it is extremely unlikely that even in the light most favorable to Vaxcel, it would recover more than the cost of litigation through trial and even before. Thus, this concern is belied by whatever strategy Vaxcel is pursuing in this case, which does not appear to be about a monetary recovery. Further, Vaxcel, with good cause, may seek to reintroduce dropped claims at a later date upon discovery of information necessary to vindicate Vaxcel's due process rights or on a showing of need. *See Stamps.com v. Endicia, Inc.*, 437 F. App'x 897, 902 (Fed. Cir. 2011) (citing *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1312 (Fed. Cir. 2011)); *see also VLSI Tech. LLC*, 2020 WL 4437401, at *1; *Masimo*, 918 F. Supp. 2d at 283-84. Thus, its concerns are, at best, premature.

For these reasons, HeathCo respectfully requests that the Court schedule a status conference to address HeathCo's request for an Order to reduce Vaxcel's number of asserted claims from 160+ to 33. We thank the Court for its assistance in this matter.

Respectfully submitted,

*/s/ Stephen B. Brauerman*

Stephen B. Brauerman (#4952)

cc: Clerk of the Court (by hand delivery)
    All counsel of record (by e-mail)