**RICHARDS LAYTON & FINGER**

Katharine L. Mowery
302-651-7623
mowery@rlf.com

December 18, 2020

**VIA CM/ECF**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Room 4209, Unit 26
Wilmington, DE 19801

    Re:    *Vaxcel International Co., Ltd. v. Heathco LLC*,
            C.A. No. 20-224-LPS

Dear Chief Judge Stark:

    Vaxcel hereby replies to Heath's Response to Plaintiff's Motion to Strike Heath's improper motion (D.I. 42, the "Response").

    Heath asserts that now is an appropriate time to force Plaintiff to reduce its asserted claims, notwithstanding the absence of any associated scheduling provision and the fact that document production, depositions and contentions have not yet begun.[1]  Heath's letter is both procedurally improper and substantively premature.  It is respectfully suggested that any reduction should come at a more logical milestone in the case and be coupled with a corresponding reduction in the asserted prior art.  In the interim, Heath's letter request should be stricken.

    Contrary to Heath's Response, Vaxcel is aware that a claim reduction implicates other aspects of the case, but Heath's focus on its effect on discovery best places the topic as a discovery dispute.  Heath also fails to acknowledge that the requested relief – a teleconference – would be provided by the discovery dispute procedure (absent a written decision by the Court prior to any hearing).  If Heath's request is not viewed as a discovery dispute, then it must be a motion which failed to comply with the requirements for motions practice.  Paragraph 18 of the Scheduling Order (D.I. 14) specifies that "[e]xcept as otherwise specified herein, any application to the Court shall be by written motion…"  There is nothing "otherwise specified" in the Scheduling Order that provides for a case management letter writing campaign.  Heath attempts to circumvent the Scheduling Order by citing an article (D.I. 42 n.2) in which Chief Judge Stark is quoted as suggesting that attorneys employ creative, case-specific solutions for "patent-eligibility" issues.  Heath mischaracterizes a quote from that article to incorrectly suggest that the Court's preference is that "every" issue be addressed "through a letter rather than a motion."  If that were the case, such language would be reflected in the Scheduling Order – it is not.

---

[1] Heath, in its letter, asserts that narrowing now "would allow for early simplification of the issues" but also admits that "subject matter largely overlaps across multiple patents and many are part of the same or related families" which contradicts its assertion.

The Honorable Leonard P. Stark
December 18, 2020
Page 2

      Vaxcel requested Heath to voluntarily withdraw its non-compliant letter in lieu of a joint letter and informed Heath that absent such withdrawal Vaxcel would be forced to file a motion to strike. Nonetheless, Heath refused. Heath argued that the form of the letter is subordinate to the substance, despite Paragraphs 8 and 18 of the Scheduling Order (D.I. 14). It is Heath, not Vaxcel expending the Court's time and resources by attempting to apply its own rules in this litigation.

      Heath's reliance upon Fed. R. Civ. P. 12(f) to argue that a motion to strike is limited to pleadings is unavailing. Paragraph 10 of the Scheduling Order states in relevant part the procedure for submitting "[a]ny motion to strike any pleading <u>or other document</u>…" (emphasis added). Plaintiff is requesting, in accordance with the specific language of the Scheduling Order, that Heath's "other document" be stricken from the record. This Court frequently considers motions to strike non-pleading documents. *See, e.g.*, *Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, C.A. No. 15-819-LPS-CJB, Memorandum Order, D.I. 554 (D. Del. March 13, 2018) (adopting magistrate judge order on motion to strike portions of expert report).

      Heath further asserts in the Response, that Vaxcel is aware that "any reasonable recovery will be overtaken by litigation costs" even though Heath has yet to produce technical or financial documents to support this assertion – a point which highlights the fact Heath's request is premature and no hearing on claim reduction is even necessary at this time. If the profitability of the accused products is as meager as Heath asserts, logic would dictate that Heath agree to stop selling the infringing products. Heath's argument also ignores the fact that Vaxcel's damages, *inter alia*, include lost profits. Heath's argument regarding "reasonable recovery" is thus without merit and is merely an attempted distraction from Heath's disregard for the Court's procedural requirements.

      Finally, after claiming that the letter is not a discovery dispute and is not a motion, Heath asserts that it agreed to provide Vaxcel with 14 days to respond. However, it is not within Heath's authority to grant Vaxcel such relief. If as Heath asserts, the letter is not a motion, then there is no schedule or procedure in place, upon which the parties can rely, that ensures that the Court will not consider or grant Heath's requested relief prior to the 14 days offered by Heath. This argument also misdirects from the fact that Court procedures have a purpose: "Any discovery motion filed without first complying with the [discovery dispute] procedures will be denied…" D.I. 14 ¶ 8.g.i.

      Vaxcel respectfully requests that the Court strike Heath's December 8, 2020 Letter (D.I. 38) or provide Vaxcel with 14 days to provide a substantive response thereto.

                                                       Respectfully,

                                                        */s/ Katharine L. Mowery*

                                                        Katharine L. Mowery (#5629)

cc:      Counsel of Record (via CM/ECF & email)