

Katharine L. Mowery
302-651-7623
mowery@rlf.com

January 11, 2021

**VIA CM/ECF**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Room 4209, Unit 26
Wilmington, DE 19801

      Re:   *Vaxcel International Co., Ltd. v. HeathCo LLC*,
            **Joint Status Report**
            **C.A. No. 20-224-LPS**

Dear Chief Judge Stark:

    In accordance with the December 28, 2020 Oral Order requiring the parties to meet and confer and, no later than January 11, submit a joint status report providing (in addition to anything else they wish to report) their position(s) on narrowing the asserted patent claims, narrowing prior art references on which invalidity defenses may be based, and a procedure to accelerate at least some limited damages-related discovery (to allow the parties and Court to better assess, among other things, the amount of discovery likely to be proportional to the needs of the case), Vaxcel International Co., Ltd. ("Plaintiff" or "Vaxcel") and HeathCo LLC ("Defendant" or "HeathCo")(collectively "the Parties") respectfully submit this Joint Status Report.

    <u>Dial-in Information for January 13, 2021 Status Conference</u>:  The dial-in information for the January 13, 2021 Status Conference at 10:30 a.m. is as follows (this information will subsequently be circulated via email):

      Dial-in:       1-800-719-7514

      Access Code:  894615#

    <u>Meet and Confer</u>: Pursuant to the December 28, 2020 Court Order, on January 8, 2020 the parties met twice via telephone and agreed that in an effort to accelerate damages discovery, Defendant will produce sales data for each of the accused products through the end of 2020 by January 12, 2021.  The Parties also agreed that Plaintiff will reduce the number of asserted claims for a second time within 30 days of the claim construction ruling and Defendant will reduce the number of invalidity references for a second time within 30 days of Plaintiff's post claim construction reduction.  No other agreement was reached.  As such, the Parties' respective positions are set forth below:

The Honorable Leonard P. Stark
January 11, 2021
Page 2

**Plaintiff (Vaxcel):**

First Reduction of Asserted Claims: While this case was filed in February 2020, discovery has barely begun. To date, the Parties have produced their respective Initial Disclosures (D.I. 16 and 17), Section 3 Disclosures (D.I. 18 and 19) and Plaintiff has produced its Disclosures Pursuant to Paragraph 7(a) of the Scheduling Order (D.I. 14) and to the Revised Scheduling Order (D.I. 36). While Defendant was scheduled to produce its core technical documents for the products accused in the Complaint (D.I. 1) on September 25, 2020, at the request of Defendant, the Parties agreed to an extension of that deadline based on the fact that Plaintiff was preparing to file an Amended Complaint (D.I. 27). Defendant is not scheduled to produce any of its core technical documents for Plaintiff's evaluation until January 29, 2021 (D.I. 36) (4 months after the original due date). Plaintiff thus lacks basic information such as invalidity contentions, non-infringement contentions, or any substantive discovery regarding the accused products, to make an informed decision as to claim narrowing at this stage.

Defendant (i) has yet to produce a single technical document in this case, (ii) has never objected to the number of asserted claims prior to the filing of the Amended Complaint (D.I. 27), although 81 claims were already being asserted, (iii) has never proposed a claim reduction date while negotiating either scheduling order, and (iv) has categorically denied in the Answer to the Amended Complaint (D.I. 35) that the accused products include any of the claimed technology. Yet, Defendant now insists that Plaintiff immediately withdraw 82% of the asserted claims without having received a single technical document, any sales data regarding the accused products, or any of Defendant's defenses simply because the damages in the case, according to the Defendant, are not large enough to warrant such litigation. Clearly, the timing of Defendant's claim reduction request is premature and prejudicial to Vaxcel as is the magnitude of its requested reduction- this is not the appropriate time for requiring reduction of asserted claims. (See *In re Katz*, 639 F.3d 1303, 1313 n.9 (Fed. Cir. 2011): "…a claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses.") Requiring Plaintiff to limit the number of asserted claims at this early stage would force Plaintiff to arbitrarily dismiss claims that may present separate legal questions of infringement, validity and/or damages (including entitlement to injunctive relief); and may preclude Plaintiff from obtaining essential discovery regarding the same and pursuing the strongest patent claims. That possibility increases as the number of withdrawn claims increases at this early stage of the litigation. Defendant's proposal should be rejected as unsupported, premature and arbitrary.

Plaintiff proposes that Vaxcel, within 30 days of receipt of HeathCo's Initial Invalidity Contentions due March 12, 2021 (which is notably subsequent to Defendant's document disclosure requirement, but prior to the start of claim construction briefing), will, subject to preserving the ability to reassert claims upon a showing of good cause (*In re Katz,* 639 F.3d at 1313) decrease its asserted claims from 167 to 88 claims (a roughly 50% reduction - averaging 8 claims per patent), but not limiting any single patent to 8 claims. This proposal conforms to this Court's ruling and reasoning in *Becton, Dickinson and Company v. NeuMoDx Molecular, Inc.*, C.A. No. 19-1126-

The Honorable Leonard P. Stark
January 11, 2021
Page 3

LPS (D. Del. Nov. 24, 2020) (Ex. A) (approving reduction to 120 asserted claims from 311 claims for 13 patents-in-suit (made after invalidity contentions) and ordering an additional reduction after Markman order). It is further supported by *British Telecommunications plc v. Google Inc.*, C.A. No. 11-1249 (D. Del. Feb. 27, 2013) (Ex. B) (ordering first reduction of asserted claims to occur 7 days before filing of opening claim construction brief) and *Nuvasive, Inc. v. Globus Med., Inc.*, C.A. No. 10-849-LPS, Tr. 17:13-18:7 (D. Del. Nov. 3, 2011) (Ex. C) (ordering reduction within 60 days of the order, which fell after invalidity and non-infringement contentions, before Markman); *Personalized User Model, L.L.P. v. Google, Inc.*, C.A. No. 09-525-LPS, Tr. 26:5-27:9 (D. Del. Sept. 8, 2010) (Ex. D) (ordering a first reduction after service of invalidity contentions).

Second Reduction of Asserted Claims:  Both Parties agree that the second reduction of asserted claims should occur within 30 days after the *Markman* Order but disagree on the magnitude of the reduction.  Defendant would have Plaintiff reduce the number of claims to 15 (fewer than 1.5 claims per patent) whereas Plaintiff proposes to reduce the number of asserted claims from 88 to 33, averaging 3 claims per patent, but not limiting any single patent to 3 claims. Plaintiff's proposal is in-line with this court's previous decisions in *Noven Pharmaceuticals, Inc. v. Alvogen Pine Brook LLC*, C.A. No. 17-1429 (D. Del. Aug. 13, 2018) (Ex. E) (ordering the reduction of asserted claims to 12 for 3 patents-in-suit – averaging 4 claims per patent) and *Greatbatch Ltd. v. AVX Corporation*, C.A. No. 13-723-LPS (D. Del. July 28, 2015) (Ex. F) (limiting asserted claims of 5 patents to 15 claims – averaging 3 claims per patent) and should thus be the accepted proposal.

Limit to Claim Construction Terms:  Defendant has not set forth a position on limiting the number of claim terms to be construed by the Court.  Plaintiff proposes to limit the number of terms to 20 but is agreeable to fewer terms.  This proposal is supported by *Becton, Dickinson* C.A. No. 19-1126-LPS and *British Telecommunications* C.A. No. 11-1249 in which the Court limited the number of claim terms to 10 claim terms for 13 patents and 15 claim terms for 6 patents respectively.

Prior Art References: The Parties disagree on a limit to the number of prior art references. We understand from the Parties' meet and confer that Defendant's proposal is based on an average of 1.5 references per asserted claim. Thus, if the Court agrees with Plaintiff's proposal on the number of asserted claims, Defendant's proposal would result in 132 references and then a reduction to 50 references.  In contrast, Plaintiff's proposal is based on an average of 4 references per patent and no more than 3 combined references per 35 U.S.C. § 103 obviousness assertion in the initial invalidity contentions and a reduction within 21 days of Vaxcel's second claim reduction, to 11 references and no more than 3 combined references per 35 U.S.C. § 103 obviousness assertion.  As Plaintiff explained to Defendant at the January 8, 2021 meet and confer, 9 of the 11 asserted patents belong to the same family.  Accordingly, the majority of the claims recite at least some common elements and Defendant will most likely be relying upon a small number of primary references regardless of the number of asserted claims.  Under Plaintiff's proposal, Defendant is still able to assert a large number of invalidity combinations while being forced to present its best references.

The Honorable Leonard P. Stark
January 11, 2021
Page 4

Plaintiff respectfully requests that the Court adopt Plaintiff's proposals summarized as:

1. Vaxcel, within 30 days of receipt of HeathCo's initial invalidity contentions, will reduce its asserted claims from 167 to 88 claims averaging 8 claims per patent, but not limiting any single patent to 8 claims.

2. Vaxcel, within 30 days of the claim construction ruling, will decrease its asserted claims from 88 to 33 claims averaging 3 claims per patent, but not limiting any single patent to 3 claims.

3. The parties will limit the number of claim construction terms to 20 (or fewer if the Court is so inclined).

4. HeathCo will assert no more than 44 references total, averaging 4 references per patent, and no more than 3 combined references per 35 U.S.C. § 103 obviousness assertion in its initial invalidity contentions.

5. HeathCo, within 30 days of Vaxcel's second claim reduction, will decrease the number of references from 44 to 11 references maintaining no more than 3 combined references per 35 U.S.C. § 103 obviousness assertion.

The Honorable Leonard P. Stark
January 11, 2021
Page 5

**Defendant (HeathCo):**

Vaxcel asserts 167 claims across 11 patents directed to residential security LED lights such as those typically installed on the exterior of homes. This number of patents and claims is untenable not only for trial—a point that both parties appear to agree on—but for claim construction and, more urgently, invalidity contentions, which are currently due March 12, 2021. A little over one month has passed since HeathCo's initial letter requesting this status conference (D.I. 38), but the prejudice to HeathCo grows by the day as this deadline approaches, since HeathCo is forced to develop invalidity positions for every one of the 167 asserted claims. HeathCo reiterates its request for a substantial narrowing of Vaxcel's case now for the reasons cited in its December 8, 2020 letter, D.I. 38, which HeathCo incorporates herein.

Following the parties' meet and confer, the table below compares HeathCo's proposal, which seeks early simplification and would increase judicial economy, with Vaxcel's proposal. HeathCo's proposal increases economy for both the Court and the parties, while Vaxcel seeks to increase its advantage and prejudice HeathCo progressively more at each deadline.

| Event | HeathCo's Proposal | Vaxcel's Proposal[1] |
|---|---|---|
| First claim narrowing | 33 claims (split however Vaxcel chooses) by January 20, 2021 | 88 claims (split however Vaxcel chooses) within 30 days of initial invalidity contentions |
| First prior art narrowing | 50 references identified by March 12, 2021 (date of initial invalidity contentions) | 44 references with no more than two references per claim by March 12, 2021 (date of initial invalidity contentions) |
| Second claim narrowing | 15 claims within 30 days of *Markman* order | 33 claims within 30 days of *Markman* order |
| Second prior art narrowing | 30 references within 30 days of second claim narrowing | 11 references with no more than two references per claim within 30 days of second claim narrowing |

---

[1] Vaxcel proposes limiting the number of claim terms to construe to 20. At this time, HeathCo does not take a position and leaves the number of terms to construe to the Court's discretion.

The Honorable Leonard P. Stark
January 11, 2021
Page 6

HealthCo's proposal is in line with prior claims narrowing in this Court, including:

a) **Narrowing at this stage of the case.** *See, e.g., Nuvasive, Inc. v. Globus Med., Inc.*, C.A. No. 10-849-LPS (D. Del.), D.I. 88, (Hearing Tr. (11/3/2011)) at 17:20-23 (narrowing prior to invalidity and non-infringement contentions and claim construction); *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-0966-CFC, 2020 WL 4437401, at *1 (D. Del. Aug. 3, 2020) (narrowing shortly after infringement contentions and prior to claim construction); *Fenster Family Patent Holdings, Inc. et al. v. Siemens Medical Solns. USA, Inc. el al.*, C.A. No. 04-0038-JJF, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (narrowing prior to claim construction); *Masimo Corp. v. Phillips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 283-85 (D. Del. 2013) (same); *Intellectual Ventures I, LLC v. Check Point Software Techs Ltd., et al.*, C.A. No. 10-1067-LPS (D. Del.), D.I. 162 (Hearing Tr. (11/3/2011) at 31:4-9 (same); *Personalized User Model LLP v. Google, Inc.*, C.A. No. 09-525-LPS (D. Del.), D.I. 88 (Hearing Tr. (9/8/2010) at 26:17-18 (same); *Softview LLC v. Apple, Inc.*, C.A. No. 10-389-LPS (D. Del.), D.I. 105 (Hearing Tr. (9/6/2011)) at 35:2-10 (same); *Greatbatch Ltd. v. AVX Corp.*, No. 13-723-LPS (D. Del. Jul. 28, 2015), D.I. 368 (same).

b) **Narrowing from 167 to 33 claims.** *See, e.g., Softview*, C.A. No. 10-389-LPS, D.I. 105 (Hearing Tr. (9/6/2011)) at 35:9-10 (narrowing from 351 to 20 claims); *Fenster*, C.A. No. 04-0038-JJF, 2005 WL 2304190, at *3 (narrowing from 90 to 10 claims); *Masimo*, 918 F. Supp. 2d at 283-85 (narrowing from 95 to 30 claims); *VLSI*, C.A. No. 18-0966-CFC, 2020 WL 4437401, at *1 (narrowing from 82 to 25 claims, then to 18 claims after claim construction); *Nuvasive*, C.A. No. 10-849-LPS, D.I. 88, (Hearing Tr. (11/3/2011)) at 17:20-23 (narrowing from 55 to 15 claims); *Intellectual Ventures*, C.A. No. 10-1067-LPS, D.I. 162 (Hearing Tr. (11/3/2011) at 31:4-9 (narrowing from 48 to 20 claims); *Personalized User*, D.I. 88 (Hearing Tr. (9/8/2010) at 26:17-18 (after voluntary reduction from 68 to 36 claims, further narrowing to 15 claims); *Greatbatch*, No. 13-723-LPS, D.I. 368 (narrowing to 15 claims).

c) **Narrowing to a similar ratio of prior art references to asserted claims (~1.5 references per claim).** *See, e.g., Masimo*, 918 F. Supp. 2d at 283-85 (narrowing to 40 references after selection of narrowed 30 claims, for a ratio of 1.3 references per claim); *VLSI*, C.A. No. 18-0966-CFC, 2020 WL 4437401, at *1 (narrowing to 40 references after selection of narrowed 25 claims, for a ratio of 1.6 references per claim); *Greatbatch*, No. 13-723-LPS, D.I. 368 (narrowing to 20 references with 15 claims, for a ratio of 1.3 references per claim).

The Honorable Leonard P. Stark
January 11, 2021
Page 7

Vaxcel's proposal, in contrast, is unworkable as it delays simplification for too long seeking to burden HeathCo with having to prepare invalidity contentions on a crushing number of claims. HeathCo addresses each of Vaxcel's proposals in turn.

### 1. 88 Claims After Invalidity Contentions is Too Many, Too Late

Vaxcel does not propose any narrowing until 30 days *after* it receives HeathCo's initial invalidity contentions. Vaxcel seeks the advantage of evaluating which of its 167 claims to eliminate based upon these contentions and not on the strength of its infringement case. It also prejudices HeathCo in forcing it to address this remarkable number of claims, which serves to unreasonably drive up HeathCo's costs.

Vaxcel alleges that HeathCo is not so prejudiced given the overlap in specifications across the patents. But if this were true (it is not),[2] then Vaxcel should have little difficulty in eliminating overlapping claims. Yet, Vaxcel only offers to narrow its asserted claims after receiving HeathCo's invalidity contentions, and even then, its offer to reduce to 88 claims retains over half of the originally asserted claims, which is not likely to significantly simplify the issues in this case. This lack of simplification will lead to minimal reduction in litigation costs, which are likely to overrun any reasonable monetary recovery well before trial.

### 2. Vaxcel's Proposed Prior Art Narrowing (44 References to Address 167 Claims and 11 References to Address 33 Claims) is Too Limited

Vaxcel's proposal compounds this prejudice by limiting HeathCo to 44 references to address its 167 claims, an average of an absurd 0.26 references per claim, or put another way, nearly four claims per reference. This absurdity is not cured by allowing 11 references to address its narrowed set of 33 claims, an average 0.33 references per claims or three claims per reference. Vaxcel's request to afford HeathCo with less references than asserted claims is per se unreasonable. In the vast majority of cases where such narrowing was reported, the number of references is greater than the number of claims. As shown above, HeathCo's proposal of ~1.5 references per claim (50 references for 33 claims for first narrowing, then 30 references for 15 claims after second narrowing) is in line with past narrowing in this Court.

Further, 33 claims for trial is too many, as it presents an unwieldly case for both parties and the Court, and will predictably cause jury confusion.

---

[2] The claims are directed to different subject matter including but not limited to: adjustable color temperature; adjustable intensity; selection of different colors; motion detection; external control mechanisms; a special "free-running setting" that periodically increases and decreases light intensity; user interface features in applications that can control these features; and dependent claims that add specific requirements to these features and more

The Honorable Leonard P. Stark
January 11, 2021
Page 8

### 3. "No More than Two References Per Claim" Unnecessarily Disallows Combinations of Three or More References

Vaxcel's proposed limitation of "no more than two references per claim" is unlike any proposal counsel for HeathCo has encountered in its many combined years of practice, for many reasons, most obviously that it artificially limits HeathCo's invalidity arguments to two anticipation grounds under § 102 (if both references are even anticipatory) and one obviousness ground under § 103 (which would be limited to the combination of the very two references for anticipation). Vaxcel argued on the parties' meet and confer that it rarely if ever encounters successful obviousness combinations of three or more references, but Vaxcel does not get to control the presentation of HeathCo's invalidity case, and in any event, would not permit even a very-common three-reference obviousness combination.

For the reasons described above, HeathCo's proposal should be adopted and Vaxcel's attempts to gain strategic advantages via its proposal should be rejected.

Respectfully,

*/s/ Katharine L. Mowery*

Katharine L. Mowery (#5629)


cc: Counsel of Record (via CM/ECF & email)

RLF1 23415171v.1