IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VAXCEL INTERNATIONAL CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> HEATHCO LLC, <br><br> Defendant. | C.A. No. 20-224-LPS |

## MEMORANDUM ORDER

WHEREAS, following a *Markman* hearing (*see* D.I. 75) ("Tr."), the Court issued a memorandum opinion regarding claim construction and a corresponding order (*see* D.I. 83, 84);

WHEREAS, Plaintiff Vaxcel International Co., Ltd. ("Vaxcel") moves for reargument and reconsideration regarding three claim terms construed in the Court's memorandum opinion and order (*see* D.I. 85);

WHEREAS, Vaxcel also moves to reassert claim 19 of U.S. Patent No. 10,770,916 ("the '916 patent"), claims 1 and 10 of U.S. Patent No. 10,225,902 ("the '902 patent"), and claim 21 of U.S. Patent No. 10,154,564 ("the '564 patent") (*see* D.I. 88);

WHEREAS, Defendant HeathCo LLC ("HeathCo") moves for leave to file an early motion for summary judgment of noninfringement (*see* D.I. 90);

WHEREAS, HeathCo also moves to require Vaxcel to narrow the asserted claims (*see* D.I. 92);

WHEREAS, Vaxcel moves to stay discovery in this case pending the Court's resolution of the motions listed above (*see* D.I. 116);

1

WHEREAS, the Court has considered all the letter briefing and other materials submitted in connection with the parties' various motions (*see generally* D.I. 85, 89, 91, 93, 94, 95, 97, 98, 99, 100, 101, 102, 104, 117, 118, 120, 121);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, for the reasons stated and as further explained below: (a) Vaxcel's motion for reargument and reconsideration (D.I. 85) is **DENIED**, (b) Vaxcel's motion to reassert certain patent claims (D.I. 88) is **GRANTED IN PART** and **DENIED IN PART**; (c) HeathCo's motion for leave to file an early motion for summary judgment of noninfringement (D.I. 90) is **DENIED**; (d) HeathCo's motion to require Vaxcel to narrow the asserted claims (D.I. 92) is **DENIED**; and (e) Vaxcel's motion to stay discovery (D.I. 116) is **DENIED**.

1.  Pursuant to Local Rule 7.1.5, motions for reconsideration should be granted "sparingly." The decision to grant or deny such a motion lies squarely within the Court's discretion. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999). Motions for reconsideration are typically granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error of apprehension (not an error of reasoning). *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). Generally, a motion for reconsideration should be granted only if the movant can show one of the following: (i) an intervening change in controlling law; (ii) new evidence

that was not available when the court made its decision; or (iii) the need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

2. Vaxcel argues that the Court should reconsider its construction of the means-plus-function term "detection device." (*See* D.I. 85 at 3-7) In Vaxcel's view, the specification of U.S. Patent No. 10,136,503 ("the '503 patent") discloses the following structures for the detection device, in addition to an infrared sensor: "electrostatic induction sensor, conduction-based touch sensor, a pad, a button, voltage divider or power interruption switch or a conduction rate of a phase controller set by a user that serves as an interface between a human and the controller." (D.I. 85 at 7) (internal quotation marks omitted) During the claim construction hearing, Vaxcel told the Court that it did not object to limiting a "detection device" to an infrared sensor, pad, or button. (Tr. at 27) The Court will hold Vaxcel to that concession and, therefore, focuses only on pads and buttons. In the memorandum opinion, the Court explained that the '503 patent "does not offer any specific structure for either the pad or the button." (D.I. 83 at 7) To the extent that Vaxcel attempts to rely on different portions of the specification and dependent claims 8 and 9 to support its preferred construction (*see* D.I. 85 at 4, 6), it should have raised those arguments in its earlier briefing. Regardless, the Court is not persuaded that the '503 patent contains sufficient details regarding pads or buttons. *See generally Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 249 F. App'x 184, 188 (Fed. Cir. 2007) ("[T]he statute requires more than just the possibility that an artisan of ordinary skill may be able to figure out the corresponding structure. The quid pro quo for using a means-plus-function limitation requires ***specificity in reciting structure*** and linking that structure to the limitation.") (emphasis

added).

3. Vaxcel next contends that the Court should reconsider its conclusion that the terms "low [light] color temperature" and "high [light] color temperature" are indefinite. (D.I. 85 at 7-9) Reflecting the indefiniteness of these claim terms, Vaxcel's own proposed constructions have shifted significantly. Vaxcel previously advocated for a range of low color temperatures between 2700 K and 3000 K (*see* D.I. 83 at 21), but it now suggests that a low color temperature can be as low as 2000 K (*see* D.I. 85 at 9). Similarly, Vaxcel previously offered two options for a range of high color temperatures: between 4000 K and 6500 K, or between 3600 K and 5500 K. (*See* D.I. 83 at 21) Now, Vaxcel advances a third option: between 5000 K and 6500 K. (*See* D.I. 85 at 9) Vaxcel's shifting positions underscore that the relevant patents do not convey the meanings of "low" and "high" color temperatures with reasonable certainty. *See generally Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). Vaxcel's attempt to rely on claim 19 of the '916 patent comes too late, and in any event lacks merit. The requirements in dependent claim 19 are that the low color temperature be between 2000 K and 3000 K and that the high color temperature be between 5000 K and 6500 K. ('916 patent at 19:35-38) The requirements of the dependent claim do not render definite the unbounded terms of the challenged claims. In fact, they imply that "low" and "high" color temperatures may fall outside the ranges claimed in dependent claim 19.

4. Vaxcel further asks the Court to reconsider its construction of "preloaded," which Vaxcel now interprets as "loaded in a mobile device before the mobile device is purchased or first used in an on line free setting of an operating parameter of the lighting device." (D.I. 85 at 10) (emphasis omitted) Vaxcel's new proposal adds words to the Court's construction that

would have the impact of undoing the Court's ruling, for no valid reason. Vaxcel argues that the claims use "preloaded" because loading an application is not part of the claimed method. (*See id.* at 9) Once again, Vaxcel does not explain why it did not raise this argument sooner. Vaxcel also points to claim 8 of the '564 patent, which contains the following limitation: "a capacity to download an APP from an Internet or a cloud server." (*Id.* at 10) (emphasis omitted) As HeathCo persuasively explains, claim 8 refers generally to "an" application, not necessarily "the" user interface application recited in claim 1. (*See* D.I. 94 at 10) In other words, the "capacity" language in claim 8 is directed to the overall characteristics of the mobile device, not a particular application that must be preloaded. There is no conflict between the Court's construction of "preloaded" and claim 8. Moreover, contrary to Vaxcel's suggestion, the Court did not ignore Vaxcel's dictionary definitions of "preloaded." The Court simply concluded that HeathCo's dictionary definitions were more persuasive. (*See id.* at 10 n.10)

5. In sum, Vaxcel has failed to show an intervening change in controlling law, any new evidence that was not previously available, or a clear error of law that would result in a manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677. Accordingly, reconsideration is not warranted.

6. In its second motion, Vaxcel seeks to reassert claim 19 of the '916 patent, claims 1 and 10 of the '902 patent, and claim 21 of the '564 patent (the "proposed claims") because, according to Vaxcel, those claims do not suffer from the indefiniteness problems identified in the Court's *Markman* opinion. (*See* D.I. 89 at 2-3) Vaxcel has not shown good cause to reassert the proposed claims in the instant action. *See generally St. Clair Intell. Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 2012 WL 1015993, at *5 (D. Del. Mar. 26, 2012) (applying

"good cause" standard under Federal Rule of Civil Procedure 16(b)). The schedule in this case required Vaxcel to reduce its asserted claims from 167 to 100 (*see* D.I. 48) and, in compliance with this order, Vaxcel opted nearly a year ago not to pursue the proposed claims. Until now, Vaxcel has never suggested that the proposed claims may be important. For example, when five claims of U.S. Patent No. 9,560,719 patent dropped out of the case in June 2021, Vaxcel never sought to press any other claims, such as the proposed claims. (*See* D.I. 99 at 3 n.1) With fact discovery currently scheduled to conclude later this month, it would not be efficient or appropriate to inject new issues into this case at this time. Although Vaxcel contends that the proposed claims would not require additional claim construction or fact discovery (*see* D.I. 89 at 2), HeathCo credibly points to additional claim terms that may require construction, and at a minimum, Vaxcel would need to serve infringement contentions for the proposed claims (*see* D.I. 99 at 3-5). The Court will not allow Vaxcel to derail this case by reviving the proposed claims in this action.

7.    Nevertheless, the Court is not of the view that Vaxcel has necessarily lost for all time its ability to assert the proposed claims against HeathCo. *See generally In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303 (Fed. Cir. 2011) (explaining how claim selection procedures may implicate due process concerns). The Court will grant Vaxcel's alternative request that it be permitted to pursue the proposed claims against HeathCo in another patent infringement action – an alternative HeathCo did not squarely (and certainly not persuasively) address. This grant is without prejudice to HeathCo having the ability to raise its concerns in the context of any such separate action. That is, any disputes about matters such as preclusion or the applicability of this Court's claim construction will be resolved, if necessary, in

the context of the separate action.

8.  Turning to HeathCo's motions, its request for leave to file an early motion for summary judgment of noninfringement is denied. HeathCo undoubtedly believes that its arguments are "compelling" and will, once heard, end this case (*see* D.I. 91 at 1), and it may well prevail on certain of its contentions (e.g., those based on the Court's construction of "detection device" and "preloaded"). Other arguments, however, are new: for example, HeathCo's argument regarding the possible indefiniteness of "low" and "high" light intensity in connection with U.S. Patent No. 10,667,367 (*see id.* at 2-3) and its argument based on the interpretation of the "free-running setting" limitation of U.S. Patent No. 9,326,362 (*see id.* at 3). The Court is not persuaded that it would be a worthwhile expenditure of its scarce judicial resources to deviate from the schedule set long ago in this case and accord early priority to HeathCo's case-dispositive motions.

9.  HeathCo's motion requesting that the Court order Vaxcel "to narrow the number of asserted claims to no more than 3 per patent," i.e., 12 claims for the 4 patents that remain in this case (D.I. 93 at 1), is also denied. Vaxcel has already "agreed to a reduction to 15 claims across 4 patents" if the Court denies its pending motions (D.I. 98 at 1), as the Court has now done. This is a sufficient reduction, as even HeathCo has at times appeared to recognize. (*See* D.I. 98-1 at #5085) Given the Court's rulings herein on all pending motions and the status of the case, the parties will be required to meet and confer with an aim toward agreeing on any additional reductions in asserted claims and/or prior art references they deem warranted.

10. The Court is denying Vaxcel's motion to stay discovery pending resolution of the pending motions because there are no longer any pending motions. To the extent Vaxcel is

alternatively requesting more time for discovery or a protective order excusing Vaxcel from appearing at an upcoming deposition (*see* D.I. 117 at 1 n.1, 11), those requests are denied without prejudice. During the upcoming meet and confer, the parties should further discuss whether any adjustments to the case schedule are appropriate in light of the Court's rulings. Should the parties have any further disputes about the case schedule or whether relief from certain discovery is warranted, the parties may raise those disputes with the Court at the appropriate time.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and, no later than **February 4, 2022**, submit a joint status report regarding: (i) the parties' proposal(s) for further reducing the number of asserted claims and prior art references, and (ii) any proposed modifications to the current case schedule in light of the Court's rulings in the instant order.

February 3, 2022  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE